Charles A. Burt, Appellant, *v.* The Oneida Community et al., Respondents.

(Submitted April 24, 1893; decided June 6, 1893.)

Motion for a reargument. The case is reported 137 N. Y. 346.

The following is the *mem.* handed down :

" The plaintiff moves for a reargument, and one of the grounds upon which it is sought is an alleged error in the record consisting of a misstatement in the findings of the referee. It is admitted that a correct copy of the record has been filed with the reporter of the court. The copies handed up when the argument was had and upon which the court rendered its decision have been compared with this copy and shown to be correct, and if there were any faulty or defective copies printed they were not before the court, and could not have affected its determination.

" All of the other points relied upon were presented upon the former argument either orally or in the elaborate briefs filed, and none of them were overlooked in the decision rendered· The exceptions to the introduction of the records of the meetings of the administrative council and business board were fully considered. These records were produced by one of the officers of the council upon the subpœna of the plaintiff, who testified upon the examination of plaintiff's counsel that they were all the records of the meetings of the administrative council, the business board or the family meeting relating to the expulsion of the plaintiff, that he could find. The witness also testified that he kept the minutes of the council and that they were correct.

" The plaintiff read in evidence extracts from the minutes of the business board before they were offered by the defendant. The records of both boards were read over at the family meeting, which was the ultimate and final authority, and a vote taken confirming the action of the council, and of the board as it appeared in these records without a dissenting vote. Under such circumstances it must be apparent why it was not

deemed necessary to discuss these exceptions upon the decision of the appeal.

"It is also very plain from the opinion that the plaintiff failed because in the judgment of the court he was not entitled as matter of law upon his own proofs to any relief. It may be that a different view was taken here of the legal effect of some of the facts proven from that adopted by the learned referee, but if so, it does not follow that the facts were over-looked or misapprehended.

"The motion must be denied, with costs."

*George H. Hart* for motion.

*Wm. G. Tracy* opposed.

*Per Curiam mem.* for denial of motion.
All concur.
Motion denied.